Davis, &c., v. Jones' Adm'r.

CASE 53—PETITION EQUITY—MAY 6.

# Davis, &c., v. Jones' Adm'r.

APPEAL FROM KNOX COURT OF COMMON PLEAS.

AN AGREEMENT BY ONE PERSON TO MAKE ANOTHER HIS HEIR is not enforceable, and no action lies for its breach. The statute points out the only way in which one person can make another his heir.

WM. H. HOLT, A. K. COOK FOR APPELLANT.

Where one induces a mother to part with the custody, company and service of her child, upon a promise that the child shall have his property, his estate is liable for the non-performance of the contract, and the child may sue in his own name, although the undertaking was not directly to or with him. (1 Parsons on Contracts, p. 390; Civil Code, sec. 18; Allen v. Thomas, 3 Met, 198; Smith v. Smith, 5 Bush, 625; Clarke v. McFarland's Executors. 5 Dana, 45.)

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellants allege in their petition that George Jones agreed with the mother of the appellant, Marinda Davis, that in consideration of the mother surrendering the costody, care and control of Marinda, then an infant, to him, "he would clothe, support and educate her, and make her his heir at law, so that she could inherit all his estate." The appellants say that said Jones died without making Marinda his heir at law. They claim five thousand dollars damage for such failure. The court sustained a demurrer to the petition and the appellants have appealed. Was the agreement to make appellant Marinda the heir of George Jones binding upon him? Such agreements are against the policy of the common law.; hence unauthorized, because heirship is controlled

Davis, &c., v. Jones' Adm'r.

by the law of descents, having for its basis the
degrees in blood, &c.  And such agreements as that
sued on in this case would put the estate in a
different channel from that fixed by the law of de-
scents.

Such contracts being unauthorized by the common
law, and as all common contracts in this State are
generally either authorized by the common law or
by statute, no contract in general is binding unless it
is authorized by the common law or by statute ; and as
the same reason exists in this State for forbidding such
contracts as exists at common law, they are unau-
thorized and not binding.  But the Legislature of this
State has seen proper to authorize certain parties to
make persons not related to them their legal heirs upon
certain conditions, by petition to the county court hav-
ing jurisdiction.  And it has been settled by this court
that the authority thus given is the only authority ex-
isting in this State, by which one person can make an-
other his legal heir, and any agreement by one person
to make another his legal heir, not in accordance with
said statute, is not enforceable (see Willoughby, &c.,
v. Motley, 83 Ky., 300 ; Power v. Hafley, 85 Ky., 671) ;
and no action will lie for its breach.  In the case of ~~Allen v. Thomas, 3 Met., 198,~~ the father of a bastard
child agreed with its mother, she being about to sue
him, to contribute to the support of the mother and
child, and pay to the child ten thousand dollars when
requested.  It was held that the agreement was bind-
ing, because it was' based upon a compromise and
adjustment of a claim that the mother had a right
to make in behalf of herself and child.  There is no

principle of public policy or of statute forbidding a compromise of such claim.

In this case, the agreement not being in accordance with the staute, *supra*, is not enforceable, and no action will lie for its breach.

The judgment is affirmed.