CASE 51—ACTION FOR COST OF DIVISION FENCE.—Nov. 23.

# Owensboro & Nashville R. W. Co. v. Townsend.

### APPEAL FROM LOGAN CIRCUIT COURT.

DIVISION FENCE—EVIDENCE.—In an action against a railroad company for the cost of a division fence under the act of February 25, 1893, an issue tendered by the defendant under the act that the former owner of the land through which the railroad runs had received compensation for fencing the same, is not supported by a deed from such owner, containing no reference to fencing.

W. F. BROWDER FOR APPELLANT.

(Brief withdrawn.)

SAME COUNSEL IN A PETITION FOR REHEARING.    (H. W. BRUCE AND E. W. HINES OF COUNSEL.)

A deed to a railroad company of a right of way is to be given the same construction as to the things conveyed as if the right of way had been acquired by condemnation proceedings. Under condemnation proceedings the acquisition of the right of way would have carried with it damages rendered necessary by additional fencing. It follows that conveyances of a right of way include all fencing. 4 Rapalje & Mack's Dig., 689-95 and cases cited; St. L., Iron Mountain & Southern R. R. Co. v. Walbrink, 26 Am. & Eng. R. R. Cases, 604; North & W. B. R. Co. v. Swank, 105 Pa. St., 555; Alton & S. R. R. Co. v. Baugh, 14 Ill., 211; Norris v. Vermont Cent. R. R. Co., 28 Vt., 99; Rood v. N. Y., &c., R. R. Co., 18 Barb., 80; Conwell v. Springfield, &c., R. R. Co., 81 Ill., 232; L., St. L. & T. R. R. Co. v. Barrett, 91 Ky., 489; Elliott on Railroads, vol. 3, sec. 937.

(No appearance for the appellee.)

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

Appellant's line of railroad runs through appellee's farm for a distance of 345 rods. He desired a division fence erected along the line between his land and appellant's right of way. He constructed his half of the fence, and notified appellant to build the other half. This it

failed to do for three months. He then built the fence, at a cost of $112.12, and filed this action to recover the amount from appellant.

There was no demurrer to the petition. An answer was filed by appellant, pleading, in substance, that when its road was built, in 1872, its vendor bought of appellee's vendors the right of way for $290, that deeds were regularly made, and that compensation for fencing was included in the amount paid. This was denied by appellee in his reply. The case was submitted to the court by consent. No proof was offered on either side, except the deeds referred to. The court gave judgment in favor of appellee on the ground that the deeds were insufficient to show that compensation was then made for fencing. Appellant earnestly insists that this was error.

Section 1796, Kentucky Statutes, provides:

"This act shall not apply to any land where the owner or his vendor has received compensation for fencing the same."

The only question made in the case is whether the deeds referred to bring appellant within the operation of this section. Both the deeds read substantially as follows:

"The said parties of the first part, in consideration of $—— to them paid, the receipt of which is hereby acknowledged, have sold, and do by these presents convey, unto the Owensboro & Russellville Railroad Co., all their right, title, interest and claim in and to the tract of land lying in the County of Logan, State of Kentucky, and described as follows:" (Here there is a description of a strip sixty feet in width, after which the deed closes with a warranty of title.)

There is nothing in the deeds about fencing. Each is simply a conveyance, with warranty, of a certain

strip of land.  Such a deed to a railroad company is not to be distinguished from a similar one to a private person.  If these deeds had been made to an individual, it is clear that they would have passed nothing but the land embraced by them, and the rights of the parties as to fencing would be determined by the laws in force on that subject.  Upon a sale of land by one person to another, the vendee takes under his deed no right as to future fencing, and in such a case the vendor and vendee stand just as any other two adjoining proprietors.  There is nothing in the deeds before us to distinguish these grants from the ordinary conveyance made by one person to another.  Kentucky Statutes, section 1784.  In order for appellant to bring itself within the statute quoted, it must show affirmatively that the owner or his vendor in fact received compensation for fencing the land.  This it failed to do.

No other question is made

Judgment affirmed.