## City of Richmond v. Madison Female Institute.

(Decided April 18, 1913.)

### Appeal from Madison Circuit Court.

1. Municipal Corporations—Street Improvement—Action to Enforce Apportionment Lien—Ordinances—Conclusion of Pleader.— To say that an ordinance was passed—especially when by specific statutory enactment it is required to be passed in a particular way and by a certain percentage of the city council—is a pure conclusion of law; and to say that an ordinance provides this or that is but the conclusion of the pleader.

2. Municipal Corporations—Action to Enforce Apportionment Liens.—In an action to enforce an apportionment lien for sidewalk, curbing and guttering construction, there being no allegation in the petition showing in what manner or by what vote the ordinance was passed, no copy of the ordinance filed, and no allegation showing compliance with the provisions of the statute regulating such improvement, a demurrer to the petition was properly sustained.

3. **Liens—Action to Enforce Upon Property of Another—What Must Be Affirmatively Shown.**—In an action to enforce a statutory lien upon the property of another, it must be affirmatively shown that all the steps necessary to perfect such lien have been taken.

T. H. COLLINS for appellant.

SMITH & SMITH for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant, a city of the fourth class, instituted this action seeking to enforce an apportionment lien for sidewalk, curbing, and guttering construction abutting the appellee's property.

To the petition the lower court sustained a demurrer, and the correctness of that ruling is the only thing for determination.

It is alleged in the petition that "the plaintiff says that its board of council passed an ordinance on the 4th day of August, 1910, requiring the defendants to construct and maintain a concrete pavement, curb and gutter in front of their property on the north side of Summit Street, in Richmond, Kentucky." To say that an ordinance was passed—especially when by specific statutory enactment it is required to be passed in a particular way and by a certain percentage of the city council—is a pure conclusion of law; and to say that an ordinance provides this or that is but the conclusion of the pleader.

No copy of the ordinance is filed with the petition, and there is nothing to show the manner in which the ordinance was passed.

Section 3567 Kentucky Statutes being a part of the charter for cities of the fourth class, among other things, provides:

"But no ordinance for any original improvement mentioned herein shall take effect until it is passed by a yea and nay vote at two meetings of the Board of Council at least two weeks apart, at least a majority of the Councilmen voting in the affirmative, unless said improvement is ordered by said Board of Council without petition from the property-holders, in which event two-thirds of the members-elect of said Board of Council shall concur therein; and, further, not until the ordinance as first passed shall have been published as required by section 3487, unless said improvement be asked by petition signed by persons owning a majority of the prop-

erty liable therefor, when the ordinance may be passed at one meeting of said board by a majority yea and nay vote, but published, nevertheless, as required by section 3487.''

There is no allegation in the petition showing in what manner or by what vote the ordinance was passed, and there is no copy of the ordinance filed, and no allegation showing any compliance with these provisions of the statute.

It is true that by the provisions of section 3569 a copy of the ordinance authorizing the improvement, an attested copy of the contract and a copy of the apportionment are made *prima facie* evidence of the passage and approval of the contract, and of every other fact necessary to be established by the plaintiff in his action; but these provisions are dealing with evidence only, and do not dispense with the necessity of an accurate pleading of facts showing the lien or the filing of the writings upon which the action is based as provided by section 120 of the Civil Code.

The ordinance and the apportionment warrant are the very basis of the lien sought to be enforced in this action; and it is the purpose of section 120 of the Civil Code requiring that writings which are the basis of actions be filed with the pleadings, to the end that the court may determine what are the rights of the parties under the terms of the writing, and not be left to the interpretation that may be put upon them by the party pleading or his attorney.

Nor is there any allegation in the petition showing that the ordinance under which this work was done was published as required by the provisions of section 3487 Kentucky Statutes, being a part of the charter for cities of the fourth class.

The fact that it is provided by statute that copies of the ordinance and apportionment warrant shall be *prima facie* evidence of the passage and approval of the contract, and of every fact necessary to be established by the plaintiff, does not dispense with the necessity for full and accurate pleading in such actions; it is elementary and in keeping with the plainest dictates of reason and justice, that one seeking to enforce a statutory lien upon the property of another should affirmatively show that all steps necessary to perfect such lien have been taken. We adhere to Shuck v. Lebanon, 107 Ky., 292, but the rule there laid down was not followed here.

However, this not being a determination of the rights of the parties upon the merits, appellant may hereafter in another action assert its lien against appellee's property.

Judgment affirmed.