## Helm v. Goin et al.

## Goin et al. v. Capital Trust Company et al.

(Decided January 15, 1929.)

B. T. QUINN for appellant Helm.

LESLIE MORRIS for other appellants and appellees David Goin and others.

D. L. HAZELRIGG for appellees Capital Trust Company and others.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming

These appeals involve the title to a house and lot in Frankfort. Sandford Goin was twice married. He had several children by his first wife. On August 9, 1876, he and his second wife conveyed the property to Walter Franklin, as trustee. The material part of the deed here is in these words:

"The said house and lot and household and kitchen furniture shall be held by the said Walter Franklin in trust for the sole use and benefit of the said Nannie Goin for and during her natural life, and after her death the same shall be held in like trust for the sole use and benefit of such children as may be the offspring of the marriage between Sanford and Nannie Goin.

"This conveyance in trust is now made because the said Nannie Goin is in fact and in good conscience the rightful and equitable owner of said house and lot and furniture. She furnished the money that paid Hatchett and wife for the lot, and she also furnished the money that paid for the lumber and labor and building materials that built the house, and she also furnished the money that paid for all of said furniture. And it is also true that the said Nannie Goin furnished all of the money aforesaid under and by reason of a mutual agreement made between her and her husband Sanford Goin to the effect that if she would furnish the means out of her own resources to pay for said property that the title to all of said property should be conveyed to the said Nannie Goin. And the sole object of this deed of trust is to place the title and use of all of said property where it rightfully belongs in the said Nannie Goin and the children of her marriage with Sanford Goin."

By his will written May 31, 1887, Sanford Goin made this provision:

"And whereas on the 9th day of August 1876, my present wife, Nannie Goin and myself made a deed of trust conveying to Walter Franklin certain real estate situated on Clinton and Lewis Streets in Frankfort, Kentucky, as well as certain personal property mentioned in said deed of trust, which deed

of trust is recorded in the office of the Clerk of the Franklin County Court in Deed Book No. 14, page 379, to be held by said Franklin in trust for certain persons and uses which trusts and uses are hereby approved and confirmed, but in view of the possibility of the termination of said uses and trust thereby allowing the law to cast the title to my estate where I do not desire it to go I hereby declare and devise that in the event that all of my children by my present wife, Nannie Goin, should die without leaving any lawful issue of their bodies born to them in lawful wedlock, it is my will and I so direct that if such state of case should ever arise then and in that event I give and bequeath all of my said real and personal property, as well as all other property, to which I have right at the time of my death to the children of my first wife and their descendants, share and share alike.''

Nannie Goin survived him, and left surviving her only one child, Walter Goin. Walter Goin held the property until his death in 1923, and in the meantime he mortgaged it to the Capital Trust Company to secure a debt he owed it. After his death the heirs of Sanford Goin brought this action to sell the property for division, charging that they were also the heirs at law of Walter Goin, and that Walter Goin only had a life estate in the property. The Capital Trust Company filed answer asserting its debt as a lien on the property, charging that Walter Goin held the fee. Blanche Helm filed her petition in the action, alleging that she was the child and only heir at law of Walter Goin, and praying that the proceeds of the sale of the property, after paying the mortgage debt, be paid to her. Proof was taken, and on final hearing the court dismissed the petition of Blanche Helm, and adjudged a sale of the property; the proceeds to be applied first to pay the mortgage, and the balance to be divided among the heirs of Sanford Goin. From this judgment, Blanche Helm and the heirs of Sanford Goin have each appealed.

The proof on the claim of Blanche Helm is, in substance, this: J. W. Hulette and his wife, Allie Hulette, lived in Frankfort and had four children. Hulette for a while was a guard at the penitentiary, during the time that Governor Brown was the governor of the state.

When he lost this position he went to Louisville and had a position there as a watchman. Just when he lost his position is not definitely shown. Walter Goin boarded with Mrs. Hulette. Blanche Helm was born in 1895, and from the time she was born until they died she was recognized by both of them as the child of Walter Goin. She called him "daddy." He in every way recognized her as his daughter, and took care of her, providing for her wants. But, though the parties lived in Frankfort, no marriage license was ever issued to him and Mrs. Hulette, and no witness who testifies was present at the marriage or knew anything personally about it.

The first question presented is: What estate did Walter Goin take under the deed of trust? It is insisted for the heirs of Sanford Goin that, as the property was conveyed "in trust for the sole use and benefit of the said Nannie Goin, for and during her natural life and after her death, the same shall be held in like trust for the sole use and benefit of such children as may be the offspring of the marriage between Sanford and Nannie Goin," that by the words "in like trust" the estate conveyed to the children was only a life estate. But the words "in like trust" naturally only refer to the powers of the trustee, and not to the estate of the beneficiary. Some force must be given to the fact that the estate of Nannie Goin is expressly limited to her natural life, and that there is no such limitation to the estate of the children. In addition to this, the recitals following this clause show plainly that the sole object of the deed was to place the title of the property "in the said Nannie Goin and the children of her marriage with Sanford Goin." The title was not placed in the children if they took a life estate under the first clause quoted. The rule is well settled that a deed must be construed as a whole, and, if the language admits of two constructions, one conveying the fee and the other a less estate, in all cases of doubt the deed will be construed to convey an absolute fee. Wilson v. Woodward, 190 Ky. 330, 227 S. W. 446, and cases cited. The circuit court therefore properly held that Walter Goin took the property in remainder in fee, and not for life. This being true, the will of Sanford Goin subsequently made had no effect upon the title, for all the title to the property passed out of Sanford Goin by the deed, and, he having parted with the entire title thereby, nothing passed under the clause of the will above quoted.

Governor Brown was the governor of the state from 1891 to 1895. There is no definite showing when J. W. Hulette went to Louisville or ceased to live with his wife. The proof indicates that the separation occurred between them after 1895. The well-settled rule in Kentucky is this: "As a general rule, a child born in lawful wedlock, when its mother is living with her husband, and they have opportunity for coition, is conclusively presumed to be legitimate; and, while exceptions are allowed to this rule, the burden of proof in such case is upon the one asserting illegitimacy, it being necessary for him to show that the husband could not possibly have been the father of the child." Vanover v. Steele, 173 Ky. 116, 190 S. W. 668, and cases cited.

The proof utterly fails to bring this case within the rule, as the circuit court properly held. This court does not disturb the finding of the chancellor on the facts, where, on the whole case, the mind is left in doubt as to the truth.

It is also earnestly insisted for Blanche Helm that Walter Goin adopted her as his child, and that she should take as his heir at law, being his child by adoption. But section 2071, Kentucky Statutes, provides how a person may adopt another as his heir at law, and it is well settled in this state that, in the absence of a compliance with this statute, the person treated as a child cannot take as an heir at law, but that the statute of descent and distribution controls. Willoughby v. Motley, 83 Ky. 297; Davis v. Jones, 94 Ky. 320, 22 S. W. 331, 15 Ky. Law Rep. 89, 42 Am. St. Rep. 360.

It is also earnestly insisted for Blanche Helm that Walter Goin declared that he and her mother were married, and that she so declared at different times, and that she is therefore entitled to take by descent from him as his child under section 1398, Kentucky Statutes, which is in these words: "If a man having had a child by a woman shall afterwards marry her, such child or its descendants, if recognized by him before or after marriage, shall be deemed legitimate."

But that section has no application if Blanche Helm is in the law the child of J. W. Hulette, as held by the circuit court. The circuit court also held under the evidence that she had failed to show a subsequent marriage of the parties, and this finding is supported by the weight of the evidence. It being admitted that she was not born

in lawful wedlock, the burden was on her to show a subsequent lawful marriage to bring her within the statute. This, under all the evidence, she failed to do. A mere common-law marriage is not sufficient. Ky. Stats., sec. 2097.

It follows that the circuit court properly dismissed the petition of Blanche Helm, and properly adjudged to the Capital Trust Company a lien on the property for its debt.

Judgment affirmed.