## Fuson v. Henderson et al.

(Decided Dec. 11, 1934.)

E. N. INGRAM for appellant.

JAMES S. WILSON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

The appellant, Beth Fuson, brought this action in the Bell circuit court against Lou Alice Henderson, Wilburn Foley, and H. M. Frakes, administrator of the estate of William Henderson, deceased, to recover the sum of $216 from the estate of William Henderson and to enforce a mortgage lien on certain lands owned by William Henderson during his lifetime alleged to have been executed to secure such indebtedness.

It was alleged in the petition that on August 12, 1925, William Henderson and his wife, Lou Alice Henderson, executed and delivered to the plaintiff a mortgage on ten acres of land situated in Bell county to

secure the payment of an indebtedness of $216 due twelve months thereafter. The alleged mortgage was set out in the petition. The petition further alleged that William Henderson at the time of his death owned no property other than the land described in the mortgage, and the plaintiff asked for a settlement of the estate. Willburn Foley was made a party defendant because, as alleged in the petition, he was claiming some interest in the lands. The defendants Lou Alice Henderson and H. M. Frakes filed a motion to require the plaintiff to produce and file the note and mortgage referred to in the petition. Thereupon the plaintiff filed an amended petition in which he alleged that, at the time of the execution and delivery of the mortgage set out in the petition, William Henderson and his wife, Lou Alice Henderson, executed and delivered to the plaintiff their promissory note, by which they promised to pay the plaintiff or order one year thereafter the sum of $216, with interest thereon at the rate of 6 per cent. per annum from August 12, 1925, until paid. It was further alleged that the note was not transferable by delivery merely, and that no part of it had been paid, and that the original mortgage and note had been lost or destroyed, but without fraud on the part of the plaintiff, and that he was then unable to produce either of said writings. The defendants renewed their motion to require plaintiff to file the note and mortgage, the court sustained the motion, and, upon plaintiff's failure to produce and file them, his petition was dismissed, and he prays an appeal.

Section 7 of the Civil Code of Practice provides that:

"An ordinary or equitable action may be brought upon a bill of exchange, or a note or other obligation, or upon an indorsement or assignment thereof, which, or upon a judgment the record of which, is lost, destroyed, mutilated, or defaced, without fraud on the part of the plaintiff, or of those under whom he claims,"

and section 120 of the Civil Code of Practice provides in substance that, if an action be founded on a note, or other writing, as evidence of indebtedness, it must be filed as a part of the pleading if in the power of the party to produce it, and, if not filed, the reason for the failure must be stated in the pleading. The proper practice where the writing, which is the evidence of

the indebtedness constituting the cause of action, is not filed, is to file a motion for a rule to have the writing filed, and, if the party relying upon it fails to file it, or to offer a sufficient reason for not so doing, the adverse party may have the action dismissed. Preston v. Roberts, 12 Bush, 570; Thompson v. Sunrise Coal Company's Trustee, 181 Ky. 158, 204 S. W. 89. Section 7 and 120 of the Code, however, expressly provide that an action may be maintained on a lost instrument if a proper showing is made.

In the instant case, the petition as amended not only stated the substance of the note and mortgage but set out what purported to be the exact words of each. In addition, the reasons for the plaintiff's failure to file the original writings were stated, and these were sufficient to meet every requirement of the Code. It was alleged that the writings had been lost or destroyed without fraud on the part of the plaintiff, and that he was therefore unable to produce them. Section 7 of the Civil Code forbids the prosecution of an action upon an instrument transferable by delivery, merely, which is alleged to be lost, without a previous tender by the plaintiff to the defendant of an indemnifying bond, with good surety. It was averred in the petition as amended, however, that the writing sued on was a promissory note not transferable by delivery merely. That being true, a bond was not required to be given before the action was brought. Kimbrough v. Lexington City National Bank, 150 Ky. 336, 150 S. W. 325; Ficklin v. Nickles, 238 Ky. 591, 38 S. W. (2d) 456.

The plaintiff having complied with all the requirements of the Code relative to bringing an action on a lost writing, the motion of defendants to require him to file the original note and mortgage should have been overruled. For the reasons indicated, the appeal is granted, and the judgment reversed for further proceedings consistent herewith.