# City of Ludlow v. Union Light, Heat & Power Co.

March 23, 1945.

Francis J. Hanlon for appellant.

Galvin, Tracy, Geoghegan, Levy & Milliken, Calvin S. Weakley, and Floyd C. Williams for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

The City of Ludlow filed its petition in equity against the Union Light, Heat & Power Company where-

in it sought a declaratory judgment to compel the latter to furnish gas to the city and its inhabitants at the same rate which the company supplied gas to consumers in the City of Covington and other cities in northern Kentucky, and to require the company to refund to consumers within the City of Ludlow charges in excess of the rates at which it furnished gas to consumers in Covington and other northern Kentucky cities from Jan. 30, 1930, to Jan. 30, 1935.

Plaintiff failed to file with the petition the city ordinance referred to therein. Upon motion of the defendant, supported by its affidavit, the chancellor issued a rule against the city to file this ordinance as part of its petition. The city failed to comply with the rule, or to offer a sufficient reason for not so doing, whereupon the court dismissed the petition.

The question presented on this appeal is whether or not the court erred in dismissing the petition when the city refused to comply with the rule and file the ordinance referred to in its pleading as a part thereof. The answer to this question depends upon whether or not the city's cause of action is founded upon that ordinance, since sec. 120 of the Civil Code of Practice requires that a writing upon which an action is founded must be filed as a part of the pleading if in the power of the party to produce it; and if not filed, the reason for the failure must be stated in the pleading.

The petition is rather long, therefore we will attempt to give only a brief synopsis of it. It is alleged that at a meeting of the city council held on Dec. 19, 1929, wherein an ordinance for the letting of public bids for a franchise to furnish gas to the inhabitants of the city was under consideration, the city attorney was directed to insert in the ordinance a provision that should any other city in northern Kentucky be furnished gas by the defendant company, its successors or assigns, at a lower rate than that which was charged the consumers of Ludlow, such lower rate shall be made applicable to the City of Ludlow effective on the same date the lower rate was applied in other cities in northern Kentucky. It is further alleged that such provision was inserted in ordinance No. 785 passed by the council of the City of Ludlow on Jan. 2, 1930; that the company submitted its bid containing its rates on Jan. 16, 1930, which bid was accepted by a resolution passed by the city council on

Jan. 30, 1930; that the ordinance No. 785, the bid and the resolution constituted the contract between the company and the city. The bid and the resolution accepting it were both filed as a part of the petition, but the ordinance was not and the petition averred that it was lost. Neither the bid nor the resolution contained any provision in reference to the reduction of rates in the event there was a reduction made in the rates in other northern Kentucky cities.

Certain allegations as to what transpired in the city council relative to the passing of the ordinance, as well as allegations relating to reduction of the rates in the City of Covington and to litigation between the company and the cities of Newport and Dayton involving lower rates, were stricken from the petition on the motion of the company for the reason they were irrelevant, as stated in a comprehensive opinion written by the chancellor.

Despite the fact that the petition averred the ordinance was lost, when the rule was issued by the chancellor requiring the city to file the ordinance with the petition, the city clerk produced the ordinance and made oath that it was taken from the city's records. However, the city still refused to file this ordinance as a part of its pleading and the chancellor dismissed the petition. The ordinance contained no provision relative to the reduction of rates, which apparently was the reason the city so steadfastly refused to file the ordinance, as a part of its petition.

As the petition averred that the bid, the resolution accepting it and the ordinance constituted the contract between the city and the company, it is evident that the ordinance was a writing upon which the action was founded within the meaning of sec. 120 of the Code. White v. City of Williamsburg, 213 Ky. 90, 280 S. W. 486; City of Richmond v. Madison Female Inst., 153 Ky. 301, 155 S. W. 371; Howard v. Howard, 236 Ky. 557, 33 S. W. 2d 635. When the city failed to file this ordinance with the petition the company correctly moved for a rule to require the city to file the ordinance; and when it failed to comply with the rule issued, or to offer a sufficient reason for not so doing, the chancellor properly dismissed the petition. 41 Am. Jur. sec. 361, p. 537; Preston v. Roberts, 12 Bush 570, 578, 75 Ky. 570; 578; Vanover v. Steele, 173 Ky. 114, 190 S. W. 667; Fuson v. Henderson, 256 Ky. 729, 77 S. W. 2d 8.

No reduction of rates was mentioned in the bid, resolution or ordinance, therefore the averment of the petition relating to the reduction of rates and to the refund the company was ordered to make in Union Light, Heat & Power Co. v. City of Covington, 282 Ky. 558, 139 S. W. 2d 64, as well as the averments relating to the compromise that the company made with the cities of Newport and Dayton concerning rates and refunds, were irrelevant and immaterial and the chancellor did not err in striking them from the petition. Civil Code of Practice, sec. 121; Rudolph Wurlitzer Co. v. Kaufman-Straus Co., 273 Ky. 149, 116 S. W. 2d 305.

The judgment is affirmed.