**Margaret PROFFITT, Appellant,**

v.

**Norman O. EVANS, Harold Zeiss, Marian Zeiss, and Citizens Bank and Trust Company of Paducah, Kentucky, Executor of the Estate of Katie Evans, Deceased, Appellees.**

Court of Appeals of Kentucky.

Nov. 8, 1968.

William B. Byrd, James E. Moore, Paducah, George O. Hansen, Detroit, Mich., for appellant.

Waller, Threlkeld & Whitlow, Paducah, for Norman O. Evans.

Joseph S. Freeland, Paducah, for Harold Zeiss and Marian Zeiss.

Lloyd C. Emery, Paducah, for Citizens Bank & Trust Co. of Paducah, Ky., Ex'r of Estate of Katie Evans, dec.

J. PAUL KEITH, Jr., Special Commissioner.

This appeal is brought by Margaret Proffitt who claims that she was the adopted daughter of the deceased, Katie Evans. The trial court ruled that she was not the legally adopted daughter, and with that ruling we must agree.

The record shows that on February 9, 1914, an order was entered in the McCracken County Juvenile Court which vested custody of the defendant, deserted three-year-old baby girl, Valda Marguerite Mitchell (who is now Margaret Proffitt, the appellant) in Katie Evans "in all respects as her child as fully and completely as were it her own child." The proof indicates that she remained with Katie Evans and her husband Oscar in their home from then until her marriage.

In 1922, the natural mother of Valda Marguerite Mitchell, now Margaret Proffitt, the appellant, appeared and, unsuccessfully, tried by habeas corpus proceeding to claim her. At that time Margaret was eleven years old and was told by Katie that she had been adopted. Margaret had an unfortunate early marriage to Jack Mahaffey, and a son, Norman, was born. Thereafter, he was adopted legally by Katie Evans and her husband Oscar.

Margaret was raised as Margaret Evans by Katie, went to school as Margaret Evans, and married her present husband, Samuel Proffitt, as Margaret Evans. Upon these facts she claims she was "de facto" adopted and entitled to the status of a legally adopted child. She asks that this court change its prior holdings and recognize a "de facto" adoption as legal.

The common law did not provide for adoptions. Strict compliance with the adoption statutes has always been required. Bedinger v. Graybill's Executor and Trustee, Ky., 302 S.W.2d 594 states:

> "Adoption was a familiar Roman custom; and the modern law came to us from the civil law, for the practice was unknown in the English common law. * * * Hence, adoption has always been and is now strictly a statutory creation."

To recognize a "de facto" adoption would bring a condition of chaos to the law. Such a statute must be strictly complied with. This court has so held. Helm v. Goin, 227 Ky. 773, 14 S.W.2d 183.

The order of the juvenile judge of McCracken County in 1914 was an order of the county court. The statute in effect at that time for adoption required the proceedings for adoption to be in the circuit court. It was further defective because neither the husband of Katie Evans nor the natural father of the appellant was a party to the proceedings.

It may seem harsh to appellant to say that she cannot inherit from Katie Evans, whom she always knew as her mother, but that her own natural son, Norman Evans, who was legally adopted by Katie Evans, can inherit from Katie, but that is the law.

Judgment affirmed.

All concur.