Toros and Rose J. Bidinian v. Commissioner.
Bidinian v. Commissioner
Docket No. 164-69 SC.
United States Tax Court
T.C. Memo 1969-144; 1969 Tax Ct. Memo LEXIS 153; 28 T.C.M. (CCH) 747; T.C.M. (RIA) 69144; July 3, 1969. Filed Toros Bidinian, pro se, 3600 Miami St., Sacramento, Calif. Nicholas G. Stucky, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $149.75 in the Federal income tax of petitioners for the year 1966. The only issue for decision is whether petitioners are entitled to a dependency *154 exemption deduction for Rose J. Bidinian's cousin, Myrtle Dean, whose principal place of abode in 1966 was in Kentucky. Some of the facts have been stipulated and are so found. Toros and Rose J. Bidinian (herein called petitioners) are husband and wife who resided in Sacramento, California, at the time they filed their petition herein. They filed their joint Federal income tax return for the year 1966 with the district director of internal revenue at San Francisco, California. On their Federal income tax return for 1966, petitioners claimed a dependency exemption deduction for Myrtle Dean (herein called Myrtle), who is Rose's cousin. During 1966 Myrtle's principal place of abode was Beaver Dam, Kentucky. She did not reside in the home of petitioners at any time during that year. Myrtle is handicapped and lives alone. Petitioners provided most of Myrtle's support for 1966. Myrtle did not receive in 1966 any institutional care because of a physical or mental disability. Myrtle and her parents raised Rose Bidinian from infancy to adulthood. Neither Myrtle nor her parents ever legally adopted Rose. Nor have the petitioners ever legally adopted Myrtle. Rose was never placed with *155 Myrtle or her parents by an authorized placement agency for legal adoption, nor was Myrtle ever placed with either of petitioners by an authorized placement agency for legal adoption by petitioners. Section 152, Internal Revenue Code of 1954, defines the term "dependent." A cousin of the taxpayer can qualify as a dependent only under section 152(a)(9), if she has as her principal place of abode the home of the taxpayer and is a member of the taxpayer's household, or under section 152(a) (10), if the claimed dependent was formerly a member of the same household as the taxpayer and was receiving institutional care by reason of a physical or mental disability during the year in question. The claimed dependent, Myrtle, did not meet these requirements in 1966. Section 152(b) (2) sets forth the requirement that in determining whether any of the relationships specified in section 152(a) exist, a legally adopted child of an individual will be considered as a child by the adopting individual by blood. Petitioners take the position that the relationship requirement is satisfied on the ground that Rose was impliedly adopted by virtue of a private oral agreement with *156 the Deans, and therefore Myrtle is, in fact, a sister of Rose. This argument, while equitably appealing under these circumstances, has no merit since the child must be legally adopted. Here, Myrtle and Rose are cousins, and such relationship has never been changed by legal adoption or legal adoption proceedings. The Kentucky adoption provisions are contained in section 199.470 et seq., Kentucky Revised Statutes. They were intended to be comprehensive and all-inclusive on the subject of adoption and, in the absence of compliance with the statutes, a person, even though treated as a child, cannot take as an heir at law. See Carter v. Capshaw, 249 Ky. 483, 60 S.W. 2d 959 (1933), and Helm v. Goin, 227 Ky. 773, 14 S.W. 2d 183 (1929). As interpreted by these Kentucky cases, a child is not considered an adopted child unless the Kentucky adoption statutes have been strictly complied with. However highly commendable petitioners' actions in supporting Myrtle may be, they have failed to show by any evidence in this record that they are entitled to claim Myrtle as a dependency exemption for 1966. We must follow the plain language of the statute as Congress has written *157 it. We lack equity powers and cannot grant relief on such grounds even if we were inclined to do so. See Estela De La Garza, 46 T.C. 446, 449-450 (1966), affd. 378 F. 2d 32 (C.A. 5, 1967). Accordingly, Decision will be entered for the respondent. 749