JUDGE LINDSAY
delivered the opinion of the court.
The Savings Institution of Harrodsburg recovered a judgment in the Mercer Circuit Court against F. G. & G. H. Matheney, and sued out execution thereon on the 4th of December, 1866. While the same was alive and in full force a levy was made. The sheriff retained this execution in his hands until the 6th day of June, 1867. On that day, more than four months after its return day, but while the property upon which it had been levied remained in the hands of the officer unsold, the Matheneys, who had paid some small *541 amounts to the sheriff, executed a replevin-bond for the balance due on the judgment, with Christopher Chinn as their surety.
On the 5th of the following October execution issued on this bond, and under and by virtue of the same a levy was made upon the property of the Matheneys on the 8th of November. This execution the sheriff did not return for nearly twelve months. On the 3d of October, 1868, Kyle, the attorney for the plaintiff, caused the same to be returned indorsed: “ The sheriff will return this ji. fa., and the clerk will immediately issue another execution, which the sheriff is directed to proceed to collect. Oct. 3, 1868. Jno. G. Kyle, att’y for pl’ff.”
Upon the same day the clerk issued another execution, which was levied upon all of the personal property of the Matheneys that could be found, and by the sale of the same the balance due on the replevin-bond, except about two hundred dollars, was paid. In January, 1868, the surety died. A short time thereafter John C. Chinn qualified as the executor of his last will and testament.
At the May term, 1869, of the Mercer Circuit Court, a motion was made upon notice, and the judgment and replevinbond revived against the executor, John C. Chinn. In the mean time the Matheneys had become insolvent and availed themselves of the benefits of the bankrupt act. After the revivor execution was sued out on the bond, and to prevent the collection thereof this action in equity was instituted. It is claimed: 1. That the sheriff had no authority to take the replevin-bond; that the same, if not absolutely void, was certainly invalid as a statutory bond; and 2. That the action of the savings institution, through its officers and attorney, the latter of whom had caused the return of the execution on the 3d of October, 1868, was such as in law operated as a release of the levy theretofore made under the same, and that *542 by reason thereof the testator was released from all further liability as surety. It was also charged that the sheriff was prevented from collecting the bond from the principals therein by the unauthorized and improper interference of the savings institution, and that it had failed to sue out execution and prosecute the same in good faith for more than twelve months. All this is substantially denied by the answer, and there is no proof sustaining the same except in so far as it can be deduced from the facts herein before set out.
The circuit court granted the relief sought, and perpetually enjoined the collection of the balance due on the replevin-bond so far as Chinn’s executor was concerned. And the case is now before this court on an appeal from this judgment.
The validity of the replevin-bond does not necessarily depend upon the fact that at the time it was executed the sheriff had in his hands an execution in full force and effect. Without such authority he could not make a levy. In this case, however, the levy had been properly made in the lifetime of the execution. The sheriff was either actually or constructively in possession of the property taken under the same. He not only had authority, but it was his duty, to sell the property even after the return day of the execution, and he could lawfully sell without a writ of venditioni exponas. (Colyer v. Higgins, 1 Duvall, 6, and authorities cited.) The statute provides that any execution on a judgment which could be replevied before such execution issued, “may be replevied for three months at any time before a sale of the property under the same.” (Section 2, article 9, chapter 36, Revised Statutes.) On the 6th day of June, 1868, the sheriff had authority and it was his duty to sell the property which he had taken under the levy; and it must follow that he had authority to take the replevin-bond, otherwise he could not sell; for the same reason which would deprive him of the right to take the replevin-bond would apply with equal force *543 to a sale-bond. In all such cases tbe power of the sheriff to take either a sale or replevin-bond grows out of his levy, and in no case depends upon the then status of the execution under which the levy was made.
We come next to the legal effect of the action of the attorney in causing the sheriff to return the execution in his hands on the 3d of October, 1868. There is nothing in the record indicating that Kyle, the attorney, was vested with any greater power in the premises than that growing out of his mere warrant of attorney. It is well settled that an attorney at law, employed to collect a debt, has no authority to release the sureties upon his client’s claim, nor to do any act prejudicial to his interest; and according to the doctrine in the case of Givens v. Briscoe, &c., 3 J. J. Marshall, 532, it may well be doubted whether or not, even if the act of Kyle had the effect to discharge the levy, the surety on the replevinbond was thereby released. It is insisted, however, with some force, that the petition alleges and the answer fails to deny that the execution was returned and the levy discharged by the action of the appellant through the agency of its attorney, and that this is sufficient of itself to establish the attorney’s power and authority in the matter. The allegation relied upon is in these words: “The plaintiff avers that after the execution of October 5, 1867, and the levy of the same, the said savings institution released the levy of November 8,1867, and ordered the said execution to be returned. This was done by the indorsement made by John Q. Kyle, their attorney.” Without the concluding clause of the sentence, it might be very readily assumed that it was intended to make the charge direct that the execution had been returned and the levy released by the savings institution itself; but when the whole sentence is taken together, it is evident that it only charges that the “indorsement” of Kyle had the legal effect of discharging the levy and releasing the surety — a conclusion of *544 law in which we do not concur. If it had been the intention of the pleader to raise an issue of fact as to the extent of the attorney’s authority in this particular case, the latter clause of the sentence would have been omitted, or it would have been alleged that he had authority to make such indorsement. Further than this, it does not follow that Kyle’s indorsement necessarily had the effect of discharging the levy. He directed the sheriff to return the execution. To do this would not discharge the levy, because the property would still remain in the officer’s hands. He directed the clerk to issue another execution immediately. The natural and legitimate inference to be drawn from this order, when considered in connection with the facts shown by the writ returned, that property had been levied on and remained in the sheriff’s hands unsold, was that the plaintiff desired a writ of venditioni exponas, commanding the sale of such property.
If the clerk misunderstood the indorsement of the attorney, and by reason of this misunderstanding issued an execution of fi. fa., and thereby committed the plaintiffs to an abandonment of their levy, we see no reason why this mistake of the officer should so operate as to release the surety in the replevinbond, in the absence of all proof that he sustained damage thereby. The presumption is that no such damage could have resulted. Under the newly-issued fi. fa. the sheriff could make a new levy upon the property remaining in his hands under the old, and also upon any other property which the principals in the bond may have owned.
The facts presented by this record do not justify the conclusion that the sheriff was prevented from collecting the replevin-bond from the Matheneys by any interference upon the part of the plaintiffs or their attorney. Nor is it shown that the plaintiffs in the judgment failed at any time to sue out execution for as much as twelve months; nor that the unexplained delays of the sheriff were either procured or *545 assented to by tbem. These conclusions render it unnecessary to determine whether or not the judgment of revivor precludes tbe appellee from relying for relief in tbis action upon facts existing, and which were known to exist, at tbe time tbe same was rendered.
For tbe reasons indicated tbe judgment of tbe circuit court is reversed, and tbe cause remanded for further proceedings consistent herewith.