## JAMES BALES *v.* JOHN PETERS.

Execution—Levy on Personal Property—Negligence in Leaving Property in Hands of Defendant. ·

If a sheriff permits the defendant to retain personal property on which an execution has been levied and the same is thereby lost, he is responsible to plaintiff for the value of the property.

APPEAL FROM OWSLEY CIRCUIT COURT.

January 26, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY: ·

It is not directly charged that Bales was the surety of Wilson in the debt due to Powell. There is, however, some proof conducing to show that he was, and it is evident that both parties conducted the action upon that hypothesis.

It was the duty of the sheriff, Peters, to sell the personalty levied on by him. He had the right, and it was his duty to sell, with or without, a writ of venditioni exponas. Colgen vs. Haggins, 1 Duvall 6; Savings Inst. vs. Chinn's Admr., 7 Bush 542. If he permitted Wilson to retain the property, and sell or otherwise dispose of it, and by reason of such neglect of duty, Bales was com-

pelled to pay the judgment, he is certainly damaged to the extent of the value of the property levied on.

It was erroneous to instruct the jury to find for appellee. The question of fact, upon which appellant's right to recover depends, ought to have been submitted to the jury.

Judgment reversed, and cause remanded for a new trial upon principles consistent with this opinion.

*Lilly, for appellant.*
*Dishman, for appellee.*