## Commonwealth v. Hume, et al.

(Decided October 23, 1913).

### Appeal from Wayne Circuit Court.

1. Pleading—Exhibits—When Not Proper to Sustain Demurrer for Want of Exhibit.—It is not proper to sustain a demurrer to a petition because a writing has not been filed as an exhibit, although the action may be founded on this writing.

2. Pleading—Writings Upon Which Petition Founded Copied Into It.—Where the writng upon whch the petition is founded is copied into it, and at first rule day, and before the case was called for trial, certified copies were filed as exhibits, no right of the adverse party was in any wise prejudiced by the failure to file the copies at the time the petition was filed.

3. Practice—Taxation—Action to Forfeit Title to Commonwealth—Parties—Pleading—Defective Affidavit.—In an action to forfeit title to certain land to the Commonwealth, the affidavit for the warning order being defective, the motion to quash it was properly sustained.

DUNCAN & BELL, M. L. JARVIS and STEPHENS & STEELY for appellant.

W. R. CRESS & SON for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This action was brought by M. J. Jarvis, Commonwealth Attorney, under provisions of section 4076b, et seq., Ky. Stat., to have forfeited to the Commonwealth the title to six tracts of land containing 200 acres each, and contiguous.

The grounds of forfeiture set up were that the owners were delinquents in that they had failed to list for taxation, or to pay taxes on any of the land for the years 1901 to 1911, inclusive. No question is raised here as to the constitutionality of this act, or the right of the Commonwealth Attorney to institute forfeiture proceedings under it. That question was first settled by this court in the case of the Eastern Kentucky Coal Lands Corporation v. Commonwealth, 127 Ky., 667, and by the U. S. Supreme Court and reported in 219 U. S., 140.

The questions raised on this appeal are merely those of practice and procedure, and involve the sufficiency of the pleadings, and the affidavit for warning order. The lower court quashed the warning order as to all the defendants except Geo. Hume, and sustained Geo. Hume's demurrer to the original and amended petition. The Commonwealth Attorney insists that the lower court erred in these rulings, and we are called upon to review them.

In case of such delinquents in assessment and payment of taxes on lands, section 4076d of the statute makes it the duty of the Commonwealth Attorney to institute a proceeding in equity in the name of the Commonwealth as plaintiff to forfeit the title to the Commonwealth making defendants the owners or claimants of the land, as well as the land itself.

He is permitted to proceed against the owners by their proper names if known to him, otherwise he may designate them as the "unknown owners and claimants thereof." The same section also provides that the proceedings shall be carried to final judgment in all respects as

other equity causes, and makes applicable the provisions of the Civil Code of Practice respecting process and service thereof. The Commonwealth is required to allege the facts constituting the cause of forfeiture, and to file with the petition a copy of the grant or instrument upon which the title is based. In this case the petition copied verbatim the six patents issued by the Commonwealth to the original owners. It was filed March 12, 1912, but it was not until May 6th, the following rule day, that the plaintiff filed as exhibits certified copies of the patents. These patents were filed before the term of court at which the case would stand for trial. It is not proper to sustain demurrer to petition because a writing has not been filed as exhibit, although the action may be founded on this writing. The courts are required by the Code of Practice to disregard, in every stage of an action, any error or defect in the proceedings which does not affect the substantial rights of the adverse party. In this case the writings upon which it is founded were copied in the pleadings, and at the first rule day, and before the case was called for trial, certified copies of the writings were filed as exhibits. No right of the adverse party was in any wise prejudiced by the failure to file these copies at the same time the petition was filed. While defendants were entitled to an opportunity of inspecting the writings, yet they were not deprived of it, and the court should not sustain a demurrer, or dismiss the action until the plaintiff has been ruled to file the writings, and if he cannot file them, he should be given an opportunity to show to the court a sufficient reason for his inability to file. The proper procedure is stated in section 396g of Newman's Pleading and Practice:

"Where the plaintiff has failed to file with his petition the note, bond, bill, or other writing upon which the action is founded, or his bill of particulars, if the action is brought upon an account, or any other necessary exhibit referred to in the pleading, the defendant may by rule compel the plaintiff to file it, if the latter does not offer to do so without the rule.

We think the court erred in sustaining demurrer to the petition. It sets up a good cause of action, and the failure to file the writings as exhibits at the same time the petition was filed does not render it demurrable.

On the question of sufficiency of the affidavit for warning order the petition shows that the land grants were issued in 1866 to W. T. Long and G. W. Hurt. And by

mesne conveyances the title came in 1867 to defendants James M. Hume, Wm. L. Adams and E. J. Foster, who at that time were partners and residents of the State of Indiana. The defendants named in the caption of the petition are as follows:

"George Hume, Wm. L. Adams, E. J. Foster, James M. Hume, and the unknown heirs of James M. Hume, Fred Adams, and the unknown heirs of Wm. L. Adams, and the unknown heirs of E. J. Foster, and six certain tracts of land."

Then follows in the caption a particular reference to the six grants of land.

It does not appear from the caption or the body of the petition that either of the defendant owners or claimants of the land are dead, or just why George Hume, or Fred Adams, or the heirs of the owners known or unknown, should be made parties defendant. There is attached to the petition an affidavit of the Commonwealth Attorney using for a caption an abbreviated style of the case. The defendants are referred to in this way, "George Hume and others." The affidavit then proceeds to state "that the defendants named in the caption" are non-residents of Kentucky, and that the defendants, George Hume and Fred Adams are residents of the city of Indianapolis, State of Indiana, and that the name and place of residence "of the unknown heirs and claimants are unknown to him."

The appellee argues that the word caption as used in this expression in the affidavit, "the defendants named in the caption," has reference only to the defendants named in the caption of the affidavit, and does not relate back to the caption of the petition, and, therefore, only George Hume can be warned to answer. Accepting appellant's claim, however, that it has reference to the defendants named in the caption of the petition, his affidavit is still defective. If it has reference to those named in the petition, assuming that they are still alive, and there is nothing to show to the contrary, then the affidavit is silent as to their place or residence, or that affiant is ignorant of the place.

The lower court properly sustained the motion to quash the warning order, and thereupon the Commonwealth Attorney filed an amended petition setting up the fact that the defendants, James M. Hume, E. J. Foster and Wm. L. Adams were dead, and that their heirs were the owners and claimants of the land; that each of these

deceased owners left children and heirs at law; that the defendant, George Hume, was the son and heir of George M. Hume; and that Fred Adams was the son and heir of Wm. L. Adams; that Foster left children surviving him, and the decedents, Hume and Adams, left other children and heirs surviving them, but that the name and place of residence of these heirs and children were unknown to the appellant, and the appellant, therefore, prayed that the action be abated as to the defendants, James M. Hume, Wm. L. Adams and E. J. Foster, and that it be prosecuted against George Hume and Fred Adams and the other unknown children and heirs of the decedents.

This amended petition should have been supported by an affidavit for warning order, and a warning order spread thereon. The original affidavit and warning order, although it may in all other respects have been regular and sufficient, did not serve the purpose of bringing before the court the parties made defendants by the amended petition.

Appellant should be given an opportunity to file an affidavit for a warning order on the petition as amended.

The judgment is, therefore, reversed for proceedings consistent with this opinion.