## Hughes, et al. v. Grogan.

## Mayer v. Grogan.

(Decided June 4, 1914.)

## Appeals from McCracken Circuit Court.

1. Pleading—Exhibits—When Should Be Filed With.—In compliance with Section 120 of the Code, exhibits that are made the basis of a pleading should be filed as a part of it.

2. Pleading—Exhibits—Rule to File—Effect of Failure.—If a writing upon which the pleading is based is not filed, the adverse party should ask a rule to have it filed, and upon failure to file or offer a sufficient excuse, the pleading should be stricken from the file. But it will be too late after judgment to raise any question about the failure to file such an exhibit.

HOLLAND & RYAN for appellants.

J. R. GROGAN for appellee.

Opinion of the Court by Judge Carroll—Affirming.

These two suits were brought to enforce the collection of notes executed for the purchase price of land, and to enforce a lien on the land, by which the notes were secured. A judgment went by default in each case, and a reversal is asked upon the ground "that the plaintiff failed to file with the petition as exhibits the promissory notes sued on" and upon the further ground "that the allegations of the petition, with reference to the ability of plaintiff to convey according to the terms of his contract, are not sufficient."

In reference to the notes, the petition, after setting out sufficiently the substance of the notes, said that they were held subject to the orders of the court and would be filed if required, and that the reason for not filing them was to save costs. Section 120 of the Civil Code provides:

"If an action, counterclaim, set-off or cross-petition be founded on a note, bond, bill or other writing, as evidence of indebtedness, it must be filed as a part of the pleading, if in the power of the party to produce it; and if not filed, the reason for the failure must be stated in the pleading; if upon an account, a copy thereof must be filed with the pleading."

Under this section it is of course the proper practice to file with the pleading the writing upon which a recovery is sought, but the failure to file it does not affect the validity of the judgment. As said in McGhee v. Sutherland, 84 Ky., 198, "It is true that section 120 of the Civil Code provides that if an action be founded upon a writing, it must be filed as a part of the pleading or its absence explained; but if this be not done, and the adverse party be duly summoned and fails to raise any question as to it, he cannot complain of it after judgment."

If a writing, which is the evidence of the indebtedness or liability constituting the cause of the action, is not filed, the adverse party should ask a rule to have it filed, and a failure to file it, or to offer a sufficient reason for not so doing, will be cause for dismissal of the action: Preston v. Roberts, 12 Bush, 570. It was further held in that case that if the adverse party fails to take steps to require the writing to be filed, and judgment is rendered on the pleadings, it will not be reversed because the written evidence of the debt or liability was not filed.

The criticism of the allegations of the petition, in reference to conveying the property according to the terms of the contract, is not well taken.

The judgment in each case is affirmed.