## Thompson, et al. v. Sunrise Coal Company's Trustee.

(Decided June 18, 1918.)

### Appeal from Muhlenberg Circuit Court.

1. Pleading—Defense—Sufficiency.—In an action on a lien note, after admitting execution of the note and lien deed, a denial of the lien, or the maturity of the note or its justness or that it was executed for the purchase price of the property conveyed, is but an erroneous conclusion as to the legal effect of the instruments sued on, and presents no defense.

2. Bankruptcy—Costs—Courts—Jurisdiction.—In an action on note executed to trustee in bankruptcy for part of costs of bankruptcy proceedings, a defense that the taxation of costs was erroneous is unavailing in the state courts, as they are without authority to review or to correct taxation of costs in such proceedings.

3. Bankruptcy—Conveyance by Trustee—Officers—Fraud.—Damages for fraud or misrepresentation of a trustee in bankruptcy relative to the bankrupt's property and its value as inducement to its sale, which was approved by the court without objection by the purchaser, can not be presented as a counter-claim in suit by the trustee on note executed as consideration for the property.

4.   Pleading—Petition—Filing Exhibit—Practice.—Calling attention in answer to the fact that a copy, instead of the original, of a writing sued on was not filed with the petition is insufficient to require its filing, the proper practice being to file demurrer or motion for rule to file.

HERBERT MEREDITH and J. K. FREEMAN, JR., for appellants.

WALKER WILKINS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In April, 1912, the Sunrise Coal Company, a corporation, with its principal place of business in Dayton, Ohio, was adjudged a bankrupt by the United States District Court for the Southern District of Ohio, and appellee, William P. Rice, was elected trustee in bankruptcy for the company. Pursuant to an order of the court, the trustee, on April 30, 1913, sold and conveyed to appellant, Sallie J. Thompson, the mining properties of the bankrupt, located in Muhlenberg county, Kentucky, in consideration of $10,000.00, and the agreement on the part of appellant to pay sixty per centum of the costs of the bankruptcy proceedings. Appellant had a first lien against the property of the bankrupt for $6,000.00, and this was credited upon the purchase price. She paid $500.00 in cash, and in addition executed and delivered to the trustee four notes: one for $1,000.00, due in ninety days; one for $1,250.00, due in six months; one for $1,250.00, due in nine months; and one for $1,887.50, due in twelve months; and, to secure their payment, a lien was retained in the deed by the following clause thereof:

"A lien is hereby expressly retained and reserved by the party of the first part upon all of the real property hereinabove described to secure the payment of four certain promissory notes this day executed by the said Sallie J. Thompson and James M. Thompson, and payable to the order of said first party, one for the payment of one thousand dollars ($1,000.00), in ninety days from this date, one for the payment of twelve hundred fifty dollars ($1,250.00) in six months from this date, one for the payment of twelve hundred fifty dollars ($1,250.00) in nine months from this date, one for the payment of eighteen hundred eighty-seven and 50-100 dollars, in twelve months from this date, all with six per cent interest from date, said notes representing a part of the purchase

price of said property remaining unpaid, and it is further stipulated that in the event of default for thirty days after its maturity in the payment of any one of said notes, all thereof still unpaid shall at once become due and payable.''

The first three of these notes and a part of the last were paid by appellant. Upon her failure to fully discharge the last note when due, the trustee, pursuant to an order of the court, in which the bankruptcy proceedings were pending, instituted this action in the Muhlenberg circuit court against appellant for the balance due on the $1,887.50 note, and to enforce the lien retained upon the land in the deed to her to secure its payment. Copies of the note sued on and the deed to appellee in which the lien was retained were filed with and made parts of the petition.

To this petition defendant, Sallie J. Thompson, filed a separate answer and counterclaim divided into three paragraphs, to each paragraph of which a demurrer was sustained, and upon her failure to amend within the time allowed by the court therefor, a judgment was entered in favor of the plaintiff for the balance due upon the note and ordering a sale of a sufficiency of the land conveyed to the defendant to satisfy the judgment, and from that judgment this appeal is prosecuted.

1. The first paragraph of the answer admits all the allegations of the petition with reference to the execution of the notes and deed and to the authority of the trustee, but denied that a lien was retained in the deed to defendant to secure the payment of the note sued on, or that the note was past due, or that it was a just demand or was executed as a part of the purchase price of the property conveyed to her, and also denied that ''the original draft of said notes is filed herewith.''

This, it will be seen, is but a denial of the legal effect of the terms of the notes and deed, which defendant admitted were regularly executed, and is therefore no more than the pleader's conclusion of the legal effect of such instruments, and that an erroneous conclusion. Hence, it is apparent that this paragraph did not state facts sufficient to constitute a defense to plaintiff's cause of action.

2. In the second paragraph of her answer, defendant attempted to plead as a defense to the note sued on fraud in its execution. It is therein alleged that the de-

fendant and all the other creditors in bankruptcy of said bankrupt, Sunrise Coal Company, agreed that she should pay sixty per cent of such costs of the bankruptcy proceedings as were just and equitable, due to be paid by her and that when she executed the $1,887.50 note sued on, it was represented to her by plaintiff and she thought and believed that the note represented sixty per cent of the amount of costs which she was justly and truly and equitably entitled to pay; that she executed the note in the belief that such representations were true, but that she has since discovered "and now charges that the plaintiff fraudulently conspired and acted in collusion against her with certain other creditors of said bankrupt, Sunrise Coal Company, in accumulating costs in said bankruptcy proceedings in an effort to defraud this defendant out of her rights in said bankruptcy proceedings, and procured her to sign said note for $1,887.50 fraudulently and in collusion and that she never was and is not now justly or truly or equitably entitled to pay said amount of $1,887.50, or any part thereof exceeding the amount of $617.51, which she has paid." She asked that plaintiff be required to file an itemized and properly authenticated statement of the costs in the bankruptcy proceedings in order that she might attack the same item by item, and to "show to this court that she was never and is not now justly or truly or equitably entitled to pay a greater amount of said costs than the sum of $617.51, already paid on said note of $1,887.50."

It will be noticed that she does not charge that sixty per cent of the costs, as allowed in the bankruptcy proceedings, did not amount to $1,887.50, but only that plaintiff, in collusion with some of the other creditors, had fraudulently conspired "in accumulating costs" in said bankruptcy proceedings; that she was not justly, or truly, or equitably entitled to pay a greater amount of the costs than $617.51. It is therefore apparent that she does not charge that the costs, sixty per cent of which was $1,887.50, were not actually accumulated or allowed in the bankruptcy proceedings, but only that she was not justly, or truly or equitably entitled to pay sixty per cent of the amount allowed in that court; and that she was, in fact, attempting to have reviewed in this action the taxation of costs in the bankruptcy proceedings to which she was a party. That she could not in this action have re-

viewed and corrected, even if erroneous, the taxation of costs in the bankruptcy proceedings is too evident to admit of argument, because to do so would be a denial of the validity of the judgment of that court in a matter clearly within its jurisdiction. Hence, the second paragraph did not state facts constituting a defense to plaintiff's cause of action.

3. In the third paragraph, defendant attempted to set up as a counterclaim against this note which she had executed to the trustee as a part of the consideration for the bankrupt's property the negligence of the trustee in caring for the property after taking charge of it as trustee and making an inventory and appraisement of its value, upon the ground that, at the time of the sale to her, she was furnished with a copy of the inventory and appraisement, which were represented by the trustee to state correctly the worth of the property she was buying and upon which she relied in paying the price she agreed to pay. Aside from the fact that it is not alleged that the plaintiff represented that the inventory and appraisment, a copy of which he furnished to defendant, correctly set forth the value of the several items of property covered by it, or made any warranty with reference thereto, or even knew that it was incorrect in any particular so as to render him personally liable for any deceit or fraud practiced upon the defendant, it is apparent that such a personal liability upon his part, even if manifested, could not be urged as a counterclaim or defense against the note sued on, as it represents a part of the purchase price for the property sold at a judicial sale; and that sale having been confirmed by the court without objection upon the part of the defendant, she could not thereafter, especially in another court, question the validity of the sale or plead as a counterclaim against the note executed as a part of the purchase price for the property thus sold, the fact that she had paid more for the property than it was worth, whatever she may assert as the reason for having paid more than the property was worth.

The only authority cited by counsel for appellant in support of this paragraph of her answer and counterclaim is 20 Cyc. p. 86, which reads:

"Where a public officer enters into a fraudulent scheme, he will not be protected by his official connection

from liability from the resulting damages. An action of deceit will lie against a public officer for fraudulent misrepresentations made by him as of his personal knowledge concerning the title of another's property which is being sold by him."

This clearly refers to the personal liability of an officer and has no application whatever to the case at bar, since he is not personally but only as trustee a party to this action. It, therefore, results that the court did not err in sustaining the demurrer to each of the paragraphs of the defendant's answer and counterclaim.

4. Defendant also urges as a reason for reversal of the judgment her denial in the first paragraph of the answer "that the original draft of said note is filed herewith," and insists that since section 120, Civil Code, requires that a note such as is sued on here must be filed with and made a part of the pleading, no judgment should have been entered in favor of plaintiff. This position is untenable, since it has been frequently decided by this court that, although a writing upon which an action is founded is not filed, the adverse party can not complain of it after judgment. Preston v. Roberts, 12 Bush. 570; McGhee v. Southerland, 84 Ky. 198, and especially, if the question has not been raised by demurrer. Combs v. Breathitt County, 18 Ky. L. R. 809, 38 S. W. 138.

The mere fact that the defendant in her answer called attention to the fact that a copy and not the original note was filed with the petition was not a proper step to require the original to be filed, which, if desired, should have been done by motion for a rule to require it to be filed. Hughes v. Grogan, 159 Ky. 411; 167 S. W. 381; Nuckels v. Robinson-Pettitt Co., 159 Ky. 215, 166 S. W. 972.

Judgment affirmed.