## White v. City of Williamsburg.

(Decided February 16, 1926.)

### Appeal from Whitley Circuit Court.

1. Pleading—Negatives Pregnant in Answer do Not Raise Issue.—In action to collect street assessment, defendant's answer, in which he "denies that on the 12th day of April, 1920, or at all, said city council duly passed another ordinance amending said ordinance of July 9, 1919," with other similar allegations, held to be mere negatives pregnant and wholly insufficient to raise issue requiring proof by plaintiff.

2. Judgment—Plaintiff's Evidence Unnecessary where Answer Composed of Negatives Pregnant.—Where answer in action to collect street assessment was composed solely of negatives pregnant, there was no merit in contention of unsuccessful defendant that judgment was awarded without evidence to support it, because evidence was unnecessary, unless allegations of petition were put in issue by answer.

3. Pleading—Affirmative Allegation Constituting Denial Held Not New Matter.—In action to collect street assessment, where defendant complained that affirmative allegations in answer were not traversed by reply, such allegations being that he did not own land, having conveyed it prior to assessment, held such affirmative statements constituted merely denial of allegation of petition that plaintiff owned land, and did not set up new matter.

4. Municipal Corporations—Conveyance of Part of Land Fronting on Street Held Ineffective to Relieve Property from Assessment.—Where owner of 1½ acres of land conveyed to his son, who was an enlisted seaman, a strip of the land fronting on street to depth of 50 feet when it became known that street was to be improved, such conveyance held ineffective scheme to relieve greater part of property from assessment.

5. Municipal Corporations—Judgment for Sale of Land for Street Assessment Held to Sufficiently Describe Land.—Judgment for sale of land to pay street assessment held to sufficiently describe land as the Mark White or Fred White lot, fronting 159 feet on Rocky Hollow street in Williamsburg, Ky.; commissioner being able to ascertain from it what land he was directed to sell.

6. Highways—Landowner Not in Position to Complain of Procedure which Resulted in Lower Assessment.—Where street to be im-

proved was made part of state primary system of highways, by Ky. Stats., section 4356t-5, and in accordance with section 4356t-8 was jointly constructed by state and federal road departments and city, landowner was not in position to complain because city charter did not provide for such procedure, by which part of assessment which could have been made to him was paid by others.

7. Highways—How City May Collect its Share of Joint Street Construction Stated.—Where arrangement was made between city of fifth class and state road department for construction of street under Ky. Stats., section 4356t-8, that part of cost necessary to be furnished by city may be paid from general funds or by apportioning one-third to property owner, as provided by sections 3643-1 to 3643-12.

8. Pleading—Ordinances are "Writings" which Must be Filed with Pleading.—In an action to collect street assessment, ordinances for street improvement held to be "writings" within meaning of Civil Code of Practice, section 120.

9. Pleading—Failure to File Writing with Petition Reached by Motion for Rule to File, and is Not by Demurrer.—Failure to file copies of writings with petition, as required by Civil Code of Practice, section 120, may not be reached by demurrer; motion for rule to file being proper procedure.

10. Pleading—Failure to Move to File Writing Waived Statutory Provision.—In an action to collect street assessment, failure to move for rule requiring ordinances for street improvement to be filed amounted to waiver of provisions of Civil Code of Practice, section 120, requiring such filing; objection after judgment coming too late.

R. L. POPE and R. C. BROWNING for appellant.

W. R. HENRY, H. C. GILLIS and E. L. STEPHENS for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

Appellee, city of Williamsburg, was awarded a judgment against appellant, Mark White, herein for $365.70, to satisfy which it was adjudged that because of a street assessment lien a lot owned by appellant should be sold. Appellant has appealed and urges many grounds for the reversal of the judgment.

He insists that the petition which pleaded the various steps precedent to the right to the relief sought was traversed by the answer, and that no proof sustaining any of its allegations was offered herein. Copies of the ordinances in question were not filed with the petition or introduced in evidence. Hence, he vigorously insists that the judgment against him was wholly unauthorized.

That contention can not be sustained because his answer does not appear to be the character of traverse that he insists it is. To illustrate, we quote from it: "He denies that on the 9th day of June, 1919, or at any time the city council of said city of Williamsburg duly passed ordinances." Again: "Denies that on the 12th day of April, 1920, or at all said city council duly passed another ordinance amending said ordinance of July 9, 1919." Again: "He denies that said ordinance or ordinances were duly passed by said city council, approved by the mayor or public as required by law, and denies that said improvements were made or that any improvement was made in accordance with said ordinance or ordinances, or under a contract duly awarded to the lowest or best bidder after properly advertising for bids as provided by law." Thus it appears, and reading appellant's entire answer makes it to appear that his denials of the allegations of the petition were mere negatives pregnant and wholly insufficient to raise an issue requiring proof by appellee to sustain the allegations of its petition. 31 Cyc. page 203, section 4; Hendrick v. Robt. Mitchell Furniture Company, 16 Ky. Law Rep. 769; 29 S. W. 750; Stevenson v. Flournoy, 89 Ky. 561, 11 Rep. 745; Cincinnati, &c., R. Co. v. Barker, 94 Ky. 71, 14 Rep. 750; Newman's Pleading and Practice, section 416; Boeckley v. Central Savings Bank and Trust Company, et al., 205 Ky. 509. Hence, there is no merit in the contention that judgment was awarded appellee without evidence to support it, because evidence is unnecessary unless the allegations of the petition are put in issue by the answer.

Appellant insists that by the second paragraph of his answer he affirmatively pleaded that he did not own the land sought to be sold herein which fronts and abuts on Rocky Hollow street at the time the ordinance in question was enacted, but that prior to then he sold it to his son, Fred White. He insists that these affirmative allegations were not traversed by reply and were not taken as controverted of record by agreement; that, therefore, he was entitled to a judgment on the face of the pleadings. We find, however, that the petition alleged that appellant was the owner of this particular tract of land; that the answer denied the allegations of the petition and qualified the denial by the affirmative allegation that the land in question had been sold by appellant to his son; hence, issue was joined as to whether or not appellant owned the land in question. The affirmative

statements in the answer that appellant had sold and that his son owned the lot was merely another way of denying the allegation of the petition that plaintiff owned it.

Appellant insists that the judgment of the chancellor is erroneous because the record herein establishes that at the time the ordinances were enacted and the contract was let and the work of improving the street in question was done he did not own the tract of land sought to be sold herein, but that it belonged to his son, Fred White. It appears herein that after it had been generally discussed and known in the town of Williamsburg that the proposed street improvement ordinances would be passed, and in order to relieve himself of any of the cost of the improvement appellant, who then owned a tract of land containing approximately an acre and a half, with a frontage of 159 feet upon the street to be improved, carved from it all that part of it fronting on the street and to a depth of only 50 feet and conveyed this small lot, 159 feet wide and 50 feet deep, to his son, Fred White, then an enlisted seaman in the United States navy. The deed was not recorded until long after the ordinances directing the improvement of the street had been enacted and published. Appellant's explanation was that his son purchased the lot for a chicken farm. How he expected to raise chickens while in the navy was not explained. He admitted that no consideration passed at the time the deed was made, but testified that he executed the deed because while in the navy his son had caused an allotment to be made to him. Under the facts developed by the evidence herein on this question, we have concluded that the chancellor properly adjudged that the conveyance by the father to the son, after the purpose of the city to make the improvements in question became known, was a mere scheme to relieve the greater part of appellant's property abutting upon the street about to be improved of its part of the cost of same, and cannot be permitted to accomplish the purpose for which it was devised. The identical situation here presented was before this court in Bayes, et. al. v. Town of Paintsville, 166 Ky. 679, and the judgment of the chancellor herein is wholly in accord with the opinion of this court on a similar state of case therein presented.

Appellant complains that the description of the tract of land ordered sold herein is so vague and indefinite as to require the judgment to be reversed. He relies on Ford v. Azbill, 27 Rep. 347; Downing v. Thompson, 28

Rep. 1183; Quigley v. Beam's Admr., etc., 137 Ky. 325, and the following rule: "A judgment should describe the land so that the commissioner may ascertain from it what land he is directed to sell." Measured by that standard we think the judgment sufficient. The lot is described as the Mark White or Fred White lot, fronting 159 feet on Rocky Hollow street, in Williamsburg, Kentucky. From that description the commissioner may know exactly what land he is directed to sell, and the purchaser will have no trouble in understanding what tract of land he is purchasing.

The street that was improved under the ordinances herein was made a part of the state primary system of highways by section 4356t-5, Kentucky Statutes. That project has been adopted by the Federal Highway Commission and its construction was jointly undertaken by the state and federal road departments. That portion of it lying within the city of Williamsburg was jointly constructed by the state and federal road departments and the city under a contract in accord with the provisions of section 4356t-8. It is insisted vigorously by appellant that since charters of cities of the fifth class provide only for the construction of their streets and highways, either wholly at the expense of the city, or wholly at the expense of the property owner, or one-third at the expense of the city and two-thirds at the expense of the property owners, appellee was without authority to undertake the construction of this street under an arrangement by which forty per cent of its cost is to be paid by the state and federal government, and sixty per cent of its cost is to be imposed upon the owners of lots fronting and abutting thereon. It does not seem to this court that appellant is in position to complain that from some source other than the city any of the cost of this street improvement has been paid when all of it might have been legally imposed upon him and the other property owners abutting thereon. Section 4356t-8, *supra*, providing for the construction of any of the streets of the municipalities of this Commonwealth which have become a part of the primary system of state highways under contract between the governing authorities of such municipalities and the State Highway Commission must now be read in connection with all statutes relating to the authority of municipalities to construct their streets and highways. Whenever, under the provisions of section 4356t-8, a municipality and the highway department

agree upon the construction of one of its streets as a part of the primary system of state highways and the part of the cost of same to be borne by the highway department, no reason exists why the funds to meet the part remaining to be paid by the municipality may not be raised by it in any of the ways provided by our statutes for municipalities of its class to raise funds for street construction. Appellant's contention that since in the arrangement between appellee and the State Road Department the latter aided by the Federal Road Department agreed to pay forty per cent of the cost of the construction of the street in question, the city could not impose upon owners of property fronting and abutting on it any of the cost of its construction is wholly without merit. In cities of the fifth class where an arrangement is made between the city and the State Road Department for the joint construction of any of its streets, under the provisions of section 4356t-8, Kentucky Statutes, that part of the cost of the improvement necessary to be furnished by the municipality may be paid by it in full from its general fund or may be imposed by it in full upon the owners of the property, or may be apportioned, two-thirds against the property owners and one-third against the city from its general funds, under the provisions of subsections 1 to 12 of section 3643, Kentucky Statutes.

This was an action on the ordinances for street improvement which are "writings" within the meaning of section 120, Civil Code. Failure to file copies of the writings with the petition, as required by that section, may not be reached by demurrer as appellant insists. Commonwealth v. Hume, 155 Ky. 475, 159 S. W. 166 A motion for rule to file is the proper procedure, and failure to move for rule requiring the writing to be filed amounts to a waiver of the provisions of section 120, *supra*, and the objection comes too late after judgment. Preston v. Roberts, 12 Bush 570; Thompson v. Sunrise Coal Company's Trustee, 181 Ky. 158, 204 S. W. 89; Hughes v. Grogan, 159 Ky. 411, 167 S. W. 381.

This court's consideration of the record herein leaves it with the conclusion that the chancellor properly held appellant to be liable for the street assessment, and the tract of land owned by him to be in lien for its payment.

Wherefore, the judgment is affirmed.