## Mitchell Mill Remnant Corporation v. Long, et al.

(Decided February 21, 1928.)

### Appeal from Breathitt Circuit Court.

1. Judges.—A person is a de facto, though not a de jure, judge where, without known appointment or election, he holds office under such circumstances of reputation or acquiescence as are calculated to induce people, without inquiry, to submit to or invoke his action, supposing him to be the officer he assumes to be.

2. Judges.—One is a de facto, although not a de jure, judge, if, under color of known election or appointment, void because there was want of power in electing or appointing power, he apparently holds office with his actual want of power unknown to the public.

3. Injunction.—In action to enjoin proceedings under a judgment allegedly void because the judge "was not appointed or elected as is provided by law and was provided by law at that time," held, that such statement was a mere conclusion of law upon the truth of which the court could not pass in the absence of statement of facts upon which it was based.

4. Pleading.—A pleader must state the facts and not merely conclusions of law without basic facts.

5. Judgment.—The judgment of a court of general jurisdiction is presumed to be valid until contrary appears from facts.

JOHN E. PATRICK for appellant.

W. L. KASH for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

At the October, 1912, term of the Breathitt circuit court appellant recovered judgment againts appellees for the sum of $287.98. Execution was issued upon this judgment in December, 1924, and placed in the hands of the

sheriff.   Thereupon they brought this action to enjoin the proceedings under the execution on the ground that the judgment upon which it was issued was void.   The appellant demurred to the petition; its demurrer was overruled; it stood upon the demurrer; the court entered judgment as prayed in the petition; the defendant appeals.

The ground upon which the judgment is attacked as void is stated in the petition in these words:

"They state that the said term of court, to wit, the October term, 1912, and on the 16th day of said October, was presided over by O. H. Pollard as special judge; they state that at said time the said O. H. Pollard was not a regularly elected circuit judge of any district in the state of Kentucky, and that he was not appointed or elected as is provided by law and was provided by law at that time, and had no authority whatever to act in this case; that the said plaintiffs did not agree for him to preside in this case upon which this judgment was rendered, and no agent or attorney of theirs did agree for them for him to preside or act in said case, and did not agree for any one to preside and act in said case, and did not enter their appearance thereto."

It is well settled that a person is a de facto judge, although not a de jure judge, under the following circumstances: (1) Without a known appointment or election, but under such circumstances of reputation or acquiescence as were calculated to induce people, without inquiry, to submit to or invoke his action, supposing him to be the officer he assumed to be.   (2) Under color of a known election or appointment, void because there was a want of power in the electing or appointing power, but such want of power being unknown to the public.   Wendt v. Berry, 154 Ky. 586, 157 S. W. 1115, 45 L. R. A. (N. S.) 1101, Ann. Cas. 1915C, 493, 15 R. C. L. 517, sec. 7.

The allegation that O. H. Pollard "was not appointed or elected as is provided by law and was provided by law at that time" is a mere statement of a conclusion of law.   What the facts were should be stated, and not the pleader's conclusion of law on the facts.   It will be observed that it is not alleged that the judge was not appointed or elected in any way, and it is alleged that he presided over the October term.   The facts should be

alleged; the court only decides now that the petition is insufficient because merely a conclusion of law is alleged. If the facts were alleged, the court might not agree with the pleader that the judge was not elected or appointed as provided by law or had no authority to act in that case. The judgment of a court of general jurisdiction is presumed to be valid until the contrary appears from the facts.

Judgment reversed and cause remanded for further proceedings consistent herewith.