## Green et al. v. Farmers State Bank.

(Decided Nov. 9, 1938.)

S. H. RICE for appellants.
CHARLES L. SEALES for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—Affirming.

At various times prior to November 17, 1929, W. P. Reynolds executed notes to the Owsley County Deposit Bank. On one note for three hundred and thirty-one dollars, appellants T. J. Green and W. C. Reynolds signed as his sureties. On another note for one hundred and seventy-nine dollars and seventy-five cents, appellant, J. M. Campbell, was surety. Appellants Hubert Wilson, S. C. Cornett, and W. C. Reynolds, were sureties on another note for one hundred and fifty-six dollars, and appellant W. C. Reynolds was sole surety on another note for one hundred and eight dollars. On a fifth note for seven hundred and forty-four dollars, W. P. Reynolds gave the bank a mortgage on certain real estate which he owned. In order to secure appellants Green, Reynolds, and Campbell, W. P. Reynolds gave them a chattel mortgage on certain of his personal property.

On November 19, 1930, the Owsley County Deposit Bank was taken over by the State Banking Department. Judgments were thereafter obtained in the Owsley Circuit Court against W. P. Reynolds and each of his sureties on his various notes. A judgment and order of sale of the real estate involved was also entered in the suit involving the seven hundred and forty-four dollar note. Executions were issued against W. P. Reynolds and each of his sureties on the other notes and they were levied by the sheriff on the real estate covered by the mortgage. On February 1, 1932, a sale of the real estate was scheduled by the Master Commissioner acting under the judgment and order of sale in the foreclosure proceeding, and also by the sheriff acting under the executions. The principal debtor, W. P. Reynolds, bid the property in at the sale and gave a bond to the Master Commissioner in the sum of one thousand, eight hundred and forty-five dollars and forty-four cents, with his nephew, Elihu Reynolds, as surety. This bond was in a sum sufficient to pay the principal amount and interest of all of the obligations. Instead of taking a separate instrument to cover the executions, the sheriff apparently considered the sale bond to be sufficient and returned the executions marked "replevied." It is alleged in the petition and not denied that the attorney for the Special Deputy Banking Commissioner in charge of the liquidation of the Owsley County Bank informed the appellant Green that he and the other sureties of W. P. Reynolds were released from their obligations.

Thereafter, the newly-organized appellee, Farmers State Bank, took over the remaining assets of the defunct Owsley County Bank. Instead of instituting an action on the sale bond given by W. P. Reynolds with Elihu Reynolds as his surety, which had not been paid, the appellee merely placed alias writs of execution against the appellants in the hands of the sheriff for the collection of the original judgments. Appellants thereupon brought this suit for an injunction against the appellee, claiming that, by virtue of the alleged statement of the attorney for the Special Deputy Banking Commissioner, they were released from further liability on the notes and that appellee is estopped now to assert its claim. It appears that appellants have released the chattel mortgage given by W. P. Reynolds to secure them, and they rely on this release, which they say was

given on the faith of the statement of the attorney for the Special Deputy Banking Commissioner, as the ground for the estoppel.

The attorney for the Special Deputy Banking Commissioner testified in the case. He admits having had a conversation with appellant Green, and says:

"I told him that his debt was included in the sale bonds, but, of course, did not advise him to relinquish any mortgage that he held on anything; and, as far as I recollect, I did not know that he was secured."

However, ignoring this testimony, which plainly shows no misrepresentation or basis for an estoppel, and accepting simply the undenied allegation in the petition, we are left with the question of whether or not the attorney for the Special Deputy Banking Commissioner had any authority to release the appellants even if he made the statements attributed to him.

It is clear that the attorney was without implied authority to release the sureties. Givens v. Briscoe, 3 J. J. Marsh. 529; Savings Institution of Harrodsburg v. Chinn's Administrator, 7 Bush 539. No attempt is made to show that the attorney had any express authority, either from the State Banking Commissioner, or from anyone else. Appellants were bound to take notice of this lack of authority and were without any right to rely upon the statements even if we assume that they were made as alleged. The trial court therefore did not err in refusing to give force to the plea of estoppel.

Appellants likewise urge that the judgments were all "merged in the sale bond," and that appellees' only remedy must be by a suit on the bond. They cite no authority for this contention and we know of none. Certainly it would be illogical to assume that a judgment would thus be merged in a bond and that if the bond was not paid then all that the creditor could do would be to sue on the bond and get another judgment which, in turn, would merge with another sale bond and so on ad infinitum.

Judgment affirmed.