## Barnett et al. v. Gilbert et al.

Nov. 10, 1939.

Murray L. Brown for appellants.

C. R. Luker for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This action was filed by the appellant S. C. Barnett against the appellees, John S. Gilbert, William Marcum and W. R. Sparkman, sureties on the bond of F. B.

Mason, former sheriff of Laurel County. Mason was also a defendant but died during the pendency of the action and it was not revived against his personal representative. On trial by a jury, verdict was for the defendants. From the judgment entered on that verdict, this appeal is prosecuted.

It was alleged that the appellant caused to be placed in the hands of Mason, while he was sheriff, an execution in the approximate amount of $500 against one Robinson with directions to the sheriff to levy it on the coal and mineral right of the execution debtor in certain lands. It was alleged that Robinson was the owner of the mineral right and that it was subject to execution; that the sheriff failed to levy the execution and that by reason of this failure appellants' debt was lost. It was also alleged that the return day of the execution was August 1, 1935, and that the sheriff failed to make return of the execution within 30 days after the return day without reasonable excuse and thereby became liable to the appellant for the amount of the execution together with a thirty percent penalty thereon. (This cause of action was based on Kentucky Statutes, Section 1716). No allegation of value was made as to the mineral right.

The appellees answered, denying the allegations of the petition, and particularly denied that the execution debtor was the owner of the mineral right referred to. They pleaded, also, that the sheriff notified the appellant that he could not find where the execution debtor had title to the mineral right and that if appellant desired him to levy on it he must execute an indemnifying bond to indemnify him against damage he might sustain as a result of the levy; that the appellant failed to make the bond and for that reason the sheriff returned the execution "not executed" within the time required by law.

The execution when returned to the Clerk's office had endorsed thereon the sheriff's return, "Returned not executed. August 1, 1935. F. B. Mason. S. L. C. by R. W. Bales, D. S." The trial court permitted the deputy sheriff to amend the return to show that the execution was returned not executed because of appellants' failure to give the indemnifying bond required. Much complaint is made of this action in the brief for the appellant, and it is also contended that Section 641 of the

Civil Code of Practice concerning indemnifying bonds of this character has no application to a levy on real estate.

The case was submitted to a jury, who were instructed to find for the plaintiff unless they believed that the sheriff notified the appellant that an indemnifying bond was required and that he failed to execute it and unless they further believed that the sheriff returned the execution to the Clerk's office within 30 days after the return day.

We do not find it necessary to determine whether the rulings of the trial court were erroneous in permitting the amendment of the return or in his conclusion that an indemnifying bond could be required by the sheriff in case of a levy on real estate, because the appellant failed to allege and prove any damage by reason of the sheriff's failure to levy as directed, in that he failed to allege or prove that the mineral right was of any value and failed to prove that the execution debtor had any title to the property, the question of title being put in issue by the pleadings.

It is not sufficient, in an action against a sheriff for failure to make a levy as directed, merely to allege a failure to make the levy. In this, as in other actions for damages, it is necessary for the plaintiff to allege and prove that he was damaged. It was necessary, here where the title was put in issue, for the appellant to prove some sort of vendible title in the execution debtor and in order to establish his cause of action he must allege and prove the value of the property on which the sheriff failed to make the levy, thereby furnishing a criterion by which to determine the amount of his damage. Negligence of a sheriff in failing to make a levy, or in permitting property on which he levies to become lost, renders the sheriff *liable to the extent of the value of the property*. Bales v. Peters, 4 Ky. Op. 679. Where an execution debtor has no title to property levied on, negligence of the sheriff in failing to make a sale could only result in nominal damages. Snoddy & Bransford et al. v. Foster et al., 1 Metc. 160. The failure to make a levy, when directed, on property in which the execution debtor has no vendible interest would stand in the same category. It is apparent, therefore, that appellant failed to allege and prove a cause of action by reason of the sheriff's failure to make the levy. The trial court was

therefore under no duty to instruct on this issue. His action in doing so, no matter how erroneous, was favorable to appellant and he may not complain thereof.

It is contended by appellant that the verdict of the jury, finding that the execution was returned by the sheriff within 30 days after the return day, is flagrantly against the evidence and that the judgment should be reversed for this reason. On this issue the Circuit Clerk who was called as a witness was very vague and did not know when the execution was returned. It is established that the return was not entered on the clerk's execution book until shortly before the filing of the present action. H. C. Clay, an attorney who represented the appellant in having the execution issued, but who does not appear as attorney in this case, testified that after the return day of the execution he noticed that the return had not been entered on the execution book and several times thereafter examined the book and found it had not been entered; that about the middle of September or a little later, the return still not being entered, he inquired of the sheriff about the execution and the sheriff told him that his deputy had it and he would see his deputy and let the attorney know about it; that later that day he met the sheriff who told him that the deputy had gone to see the execution debtor with the execution and that he was going to pay it off. G. C. Clay, an attorney and son of H. C. Clay, testified that a number of times as late as December he examined the execution book and the return was not entered and thereupon he and two deputy court clerks made a thorough search of the office and could not find the execution.

The only testimony introduced by the defendants on this issue was that of the deputy sheriff, Woods Bales. He testified positively that he returned the execution on August 1, 1935, placing it in the box in the clerk's office set apart for that purpose. He stated that shortly before this action was filed, and after demand had been made on him for payment of the amount of the execution, he went to the clerk's office and with the assistance of the two deputy clerks found the execution in the clerk's box wrapped up in another execution.

A careful consideration of the evidence on this issue leads us to believe that it is perhaps against the weight of the evidence. In other words, were we sitting

406

as a jury we would find that the execution was not returned to the clerk's office within 30 days after its return day, but this does not warrant us in holding that the verdict is so flagrantly against the evidence that it must be set aside and the judgment reversed. We frequently find ourselves in this situation, where we disagree with a verdict, but we only reverse a judgment for this reason where it appears that the verdict is so flagrantly against the evidence as to indicate passion or prejudice on the part of the jury. Alcorn v. Alcorn, 279 Ky. 1, 129 S. W. (2d) 520. We do not find that to be true here. It is peculiarly the province of the jury to determine these issues of fact and their findings are not to be lightly disturbed.

Judgment affirmed.