## Black et al. v. Sutton.

May 11, 1945.

Oscar W. Black for appellants.

M. A. Gray for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

Appellee, Herschel M. Sutton, instituted this suit in equity against Oscar W. Black, the Board of Commissioners and the Mayor of Corbin, in which he sought to have the chancellor adjudge that he was the duly appointed city attorney and that Black be enjoined from interfering with appellee in the performance of his duties as such, and that a mandatory injunction be granted requiring the Board to recognize him as city attorney and pay his salary. Appellants' general demurrer to the petition as amended was overruled, they declined to plead further and upon judgment being entered granting appellee the relief sought, they appeal.

From the petition as amended it is apparent that appellee attempted to plead that Corbin was and is acting under a commission form of government and by ordinance had inaugurated a civil service system under which he was employed as city attorney on December 29, 1943. That the Board by ordinance passed on January 10, 1944, abolished all positions under the civil service ordinance, including that of city attorney, and then on March 27, 1944, by ordinance recreated that position but refused to permit appellee to perform the duties of the office or to collect the salary incident thereto; and on April 3, 1944, by ordinance or resolution elected Black as city attorney. Appellee further attempted to plead that he held the place of city attorney under civil service and that the Board could not oust him therefrom except in the manner and for the causes set out in KRS 90.360.

Both the petition and the amendment thereto are inartificially drawn and plead conclusions rather than facts. It is averred that Corbin is a city of the third class and that Bert Rowland has been Mayor and George W. Jenkins and John V. Walker have been Commissioners of Corbin since January 3, 1944, and that the Mayor

and Commissioners now constitute the Board of Commissioners; but nowhere is it averred that Corbin is operating under a commission form of government as provided in KRS Chapter 89.

It is averred that the Board of Commissioners elected appellee city attorney on December 29, 1943, and the next day he filed with the city clerk a certificate of his qualifications which became a part of the records of the city. But there is no allegation that he was elected by resolution or ordinance, and the contents of such an instrument showing his election are not set out in the petition nor is it filed as an exhibit thereto; nor is his certificate of qualifications pleaded or filed as an exhibit.

Appellee pleaded that ordinance No. 1571 "known as the Civil Service Ordinance," was enacted by the Board on October 21, 1941, and became effective on November 1st, following, and created a civil service commission as authorized by KS 3480e-2 (now KRS 90.310). This ordinance is not made a part of the pleading nor is it filed as an exhibit; nor are its terms pleaded, except that part relative to the holding of examinations. He then pleads that ordinance No. 1646 passed on January 10, 1944, abolished all positions existing under the "Civil Service Ordinance" and that on March 27, 1944, ordinance No. 1652, recreated the position of city attorney, whereupon on April 3, 1944, the Board either by resolution or ordinance elected Black city attorney and he has been serving and drawing the salary as such from that date. Again, appellee failed to incorporate these ordinances as a part of his pleading or file them as exhibits or plead their terms. He did nothing more than make a passing reference to the ordinance or resolution by which he averred Black was elected and did not in any manner incorporate it in his petition.

It is apparent that the various ordinances and resolutions to which reference has been made are writings upon which this action is founded, within the meaning of sec. 120 of the Civil Code of Practice. White v. City of Williamsburg, 213 Ky. 90, 280 S. W. 486; City of Richmond v. Madison Female Inst., 153 Ky. 301, 155 S. W. 371; Howard v. Howard, 236 Ky. 557, 33 S. W. 2d 635. Section 120 of the Code requires that such writings must be filed as a part of the pleadings if in the power of the party to produce them; and if not, the rea-

son for the failure must be given in the pleading. A demurrer does not reach the failure of the petition to file such writings but a motion for a rule to file them is the proper procedure. White v. City of Williamsburg, 213 Ky. 90, 280 S. W. 486. Appellee by failing to plead the terms of these writings or to make them a part of or to file them as exhibits with his petition, stated nothing but the legal conclusions of the pleader and his petition as amended is bad upon demurrer, which only admits facts well pleaded and not conclusions. 41 Am. Jur. sec. 16, page 301 and sec. 240, page 460; Farmers Bank v. Bass, 218 Ky. 813, 292 S. W. 489; Mitchell Mill Remnant Corporation v. Long, 223 Ky. 242, 3 S. W. 2d 639. It is the duty of the pleader to state facts from which legal conclusions may be drawn and declared by the courts. Davis v. Watkins, 241 Ky. 261, 43 S. W. 2d 712.

The chancellor should have sustained the general demurrer to the petition as amended and granted leave to appellee to further amend. The judgment is reversed for proceedings consistent with this opinion.