## HOLLIS v. FISK.

Court of Appeals of Kentucky.

Oct. 19, 1951.

Henry Jack Wilson, Mayfield, for appellant.

.F. B. Martin, S. B. Neely, Mayfield, for appellee.

WADDILL, Commissioner.

Appellee filed this action seeking to enforce the collection of a note against appellant in the sum of $1,000. Appellant admits the execution of the note, but claims that appellee exacted it from him by coercion and duress and without consideration. The issue was determined by the jury in appellee's favor.

 In seeking a reversal of the judgment, appellant contends that the court erred in overruling the demurrer to the petition for the reason that the note was not filed as an exhibit. The petition pleaded the terms of the note, thus stating a cause of action upon the face of the petition. Failure to file the writing upon which the action is predicated, cannot be reached by demurrer as appellant insists. Black v. Sutton, 299 Ky. 836, 187 S.W.2d 731; White v. City of Williamsburg, 213 Ky. 90, 280 S.W. 486. The action of the court in overruling the demurrer was proper.

 Appellant also entered a motion to require appellee to file the writing upon which the action was founded. Section 120 of the Civil Code of Practice provides: "If an action, counterclaim, set-off or cross-petition be founded on a note, bond, bill or other writing, as evidence of indebtedness, it must be filed as a part of the pleading, if in the power of the party to produce it; and if not filed, the reason for the failure must be stated in the pleading; if upon an account, a copy thereof must be filed with the pleading."

The court sustained appellant's motion, therefore it is apparent that no error was committed. It appears that appellant did not choose to rely upon the court's ruling in his behalf, for he filed answer and announced ready for trial. Such action on his part constituted a waiver of his right to have the note filed. It is conceded that the note was used upon the trial of the case. After judgment it is too late to complain. Hughes v. Grogan, 159 Ky. 411, 167 S.W. 381.

 Appellant further contends that he was prevented from explaining an unsigned memorandum which he offered in evidence. We do not find where appellant was denied an opportunity to testify fully concerning it. Apparently appellant's complaint is based upon his cross-examination concerning it. By section 593 of our Civil Code of Practice, the court is given a very broad discretion in controlling the examination of witnesses. The exercise of such discretion will not be supervised by us, unless it is manifestly abused. Rogers v. Flick, 144 Ky. 844, 139 S.W. 1098; Eaton v. Commonwealth, 230 Ky. 250, 19 S.W.2d 218. We find no question of the court's abuse of discretion presented on this point, as we are of the opinion that the cross-examination of appellant upon this matter was proper. The remark of appellee's counsel made during the trial in the presence of the jury regarding his conclusions about the testimony, was improper, but under the circumstances did not constitute such an error as to cause us to reverse the case.

 Appellant admitted the execution of the note. His defense thereto was placed in issue by the pleadings and proof. It is peculiarly the province of the jury to determine the issues of fact and their finding will not be disturbed, unless it appears that the verdict is so flagrantly against the evidence as to indicate passion or prejudice on their part. We do not find that to be true here. Barnett v. Gilbert, 280 Ky. 402, 133 S.W.2d 529.

Judgment affirmed.