Lennie **ROGERS**, an Infant, etc., Appellant,

v.

Otis C. **BURDEN**, Appellee.

Court of Appeals of Kentucky.

Dec. 17, 1965.

Jack M. Lowery, Jr., Louisville, Earl F. Martin, Sr., Martin & Martin, Hartford, for appellant.

Woodward, Bartlett & McCarroll, Owensboro, for appellee.

HILL, Judge.

Appellant, Lennie Rogers, an infant eight years of age, by his next friend, Tilman Rogers, appeals from a jury verdict and judgment for appellee-defendant, Otis C. Burden, in appellant's action for damages on account of injuries received when his bicycle and appellee's automobile collided.

State Highway 505, a blacktop road seventeen feet wide, runs east and west from U. S. 62 at Rosine to U. S. 231 near Cromwell and passes through the small town of Baizetown, all of which are located in Ohio County. A dirt road known as Arnold Road, coming from the north, intersects with Highway 505 at right angles. About eighty feet east of the intersection of 505 and Arnold Road, and on the south side of 505, is located the home of Lawrence Milam. On the day of the accident in question, a large congregation of people were assembled in front of this residence. It is 74 feet from the Milam mailbox to the intersection aforesaid. Appellee was traveling west on route 505 with his wife in the front seat and his son and daughter in the back seat. Lennie Rogers and a companion came out of Arnold Road on their respective bicycles, and the collision took place at the intersection approximately six inches to a foot from the north edge of the blacktop surface of route 505.

Appellant contends the verdict and judgment should be reversed because the trial court erred (1) in refusing to allow appellant to introduce a photograph showing the intersection in question, (2) in giving both a sudden appearance and a sudden emergency instruction, and (3) in refusing to give a "last clear chance" instruction offered by appellant.

■ The photograph offered and rejected was made in early April following the date of the accident in June. It was not shown that the same conditions prevailed on the day the picture was taken that existed on the day of the accident. The picture was properly rejected. Cf. Louisville N. R. Co. v. McCoy, 261 Ky. 435, 87 S.W.2d 921 (1935).

■ Next, appellant urges that it was error for the court to give sudden appearance and sudden emergency instructions. The sudden appearance instruction (IV) relieved appellee if there was such a sudden appearance as was described in this instruction. Instruction V, relative to a sudden emergency, defined the required conduct of appellee when faced with a sudden emergency. The two instructions were neither duplicative, inconsistent, nor prejudicial. Neither did the giving of both overemphasize the idea of the sudden appearance of appellant.

■ Appellant's final ground for reversal questions the propriety of the refusal of the trial court to give a "last clear chance" instruction. The evidence did not justify the giving of such an instruction.

■ Appellant Lennie Rogers stated the front of the car struck him, while appellee maintains appellant struck his automobile in the side. There was evidence that appellee waved to the congregation in front of the Milam home and did not maintain a continuous lookout in approaching the intersection. There was also evidence that due to bushes and undergrowth, the approach of the unfortunate little boys was not visible to appellee. This being the situation, any failure on the part of appellee to keep a constant lookout could not have been a contributing proximate cause of the accident. There were disputed questions of fact which the jury resolved in favor of appellee. We cannot say the evidence does not support the verdict. Barnett v. Gilbert, 280 Ky. 402, 133 S.W.2d 529 (1939).

The judgment is affirmed.